UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEROY N. STRICKLAND,

                                     Plaintiff,

        v.

FRANK HEGEDUS, IV and
ASTRO A/C REFRIGERATION, LLC,

                                       Defendants.
_____

DECISION AND ORDER

19-CV-6763L

       Plaintiff LeRoy N. Strickland ("plaintiff"), appearing *pro se*, brings this action against Frank Hegedus, IV ("Hegedus") and Astro A/C Refrigeration, LLC ("Astro") (collectively "defendants"). Plaintiff seeks compensatory damages for physical injuries and lost wages arising out of a motor vehicle accident.

       Defendants now move (Dkt. #9) to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(c), on the grounds that plaintiff's claims are untimely. Plaintiff has cross moved (Dkt. #14) to transfer venue pursuant to 28 U.S.C. §1404(a). For the reasons that follow, defendants' motion is granted, plaintiff's cross motion is denied, and the complaint is dismissed.

## DISCUSSION

**I.    Applicable Statute of Limitations**

       In diversity actions, "a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108-09 (1945)), *cert. den.*, 526 U.S. 1065 (1999). Thus, where, as here, a suit is based upon diversity jurisdiction, New York statutes

of limitations "govern the timeliness of state law claims." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990). *See also Diaz v. Johnson & Johnson*, 2020 U.S. Dist. LEXIS 220886 at *8-*9 (W.D.N.Y. 2020). The statute of limitations for personal injury actions in New York is three years. *See* NY CPLR §214.

II. **Standard for Motions to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

If it appears from the face of the complaint that a cause of action has not been brought within the applicable statute of limitations period, the defense of untimeliness "may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12 (b)(6)." *Santos v. Dist. Council of New York City*, 619 F.2d 963, 967 n.4 (2d Cir. 1980).

In considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III. **Defendants' Motion To Dismiss**

The following facts, drawn from the complaint, are assumed true for purposes of considering the instant motion. *See ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

On October 15, 2015, plaintiff was standing near an intersection in the state of Florida when a motor vehicle, negligently operated by Hegedus and owned by Astro, collided with another vehicle. The accident sent debris flying in plaintiff's direction, which struck and injured him, fracturing his foot and preventing him from continuing in his employment as a postal carrier. (Dkt.

#1 at 3-4). Plaintiff asserts personal injury claims against defendants for the resulting damages. (Dkt. #1 at 5).

The instant complaint was filed on October 15, 2019 – exactly four years to the day from the date of the accident. Consequently, it is time-barred. *See* NY CPLR §214 (statute of limitations for personal injury actions is three years). Plaintiff does not allege any actions by defendants subsequent to the accident, or any delay in identifying his injuries, or otherwise assert any basis upon which the three-year statute of limitations should be tolled. Consequently, the complaint must be dismissed on statute of limitations grounds.

### IV.      Plaintiff's Cross Motion To Transfer Venue Pursuant to 28 U.S.C. §1404

Had plaintiff originally brought this action in the federal district court for the Middle District of Florida, where the subject accident occurred, his claims would have been timely under Florida's four-year statute of limitations for personal injury actions. *See* Florida Statutes §95.11. In an attempt to evade dismissal of the complaint, plaintiff has moved to transfer venue to Florida pursuant to 28 U.S.C. §1404(a) on the grounds of forum non conveniens, noting that the defendants and principal non-party witnesses all reside in Florida.

Assuming *arguendo* that this action had been properly venued here in the Western District of New York in the first instance, a transfer of venue pursuant to 28 U.S.C. §1404(a) would not render the plaintiff's claims timely. "[W]hen a case is transferred on purely discretionary §1404(a) grounds, 'the transferee forum must apply the law of the original forum,'" and thus plaintiff's claims would be barred by New York's statute of limitations regardless of whether they were considered here or in a transferee district. *Ramsaroop v. United Airlines, Inc.*, 2022 U.S. Dist. LEXIS 26845 at *7-*8 (D.N.J. 2022)(quoting *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171)(3d Cir. 2011)). *See also Van Dusen v. Barrack*, 376 U.S. 612, 642-43 (1964)(a transferee court applies

the law of the transferor court); *Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 (1990)(the transferor court's law including applicable statutes of limitations should be applied to the transferee court, including where the transfer was initiated by plaintiff on grounds of forum non conveniens); *Palacio v. Munies*, 1999 U.S. Dist. LEXIS 12393 at *14-*15 (D. Conn. 1999)(dismissing personal injury matter as untimely and declining to transfer venue under §1404 because it would not resolve the statute of limitations issue). Accordingly, even if the action had been properly venued here such that a transfer of venue under §1404 was a potential remedy, such a transfer would be futile. Plaintiff's cross motion for such relief is denied.

V.      **Transfer of Venue Pursuant to 28 U.S.C. §1404**

Because the facts as pled in the complaint suggest that venue was *not* properly laid in this district in the first place, the Court has also considered, sua sponte, whether a transfer is appropriate under 28 U.S.C. §1406(a). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005).

Pursuant to 28 U.S.C. §1391, venue is proper in any judicial district: (1) located in a state where all defendants reside; (2) where a substantial part of the events, omissions, or property that is the subject of the action took place or was situated; or (3) if there is no district in which an action could otherwise be brought pursuant to the provisions of §1391, in any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. §1391(b).

According to the complaint (Dkt. #1), plaintiff is a citizen of New York, defendants are both citizens of Florida, the subject events all took place in Florida, and no facts suggesting any basis to exercise personal jurisdiction over the defendants are alleged. The sole ground for bringing the action in this district, as asserted in the complaint, is that "[p]laintiff resides in Rochester, NY." (Dkt. #1 at 1). This is not a proper basis for venue under §1391. *See e.g.*, *Sumter v. Keith*, 2021 U.S. Dist. LEXIS 253619 at *8-*9 (S.D.N.Y. 2021)(dismissal for improper venue is appropriate where the sole alleged basis for venue was the plaintiff's residence, since "the residence of the plaintiff is irrelevant to the venue analysis"); *Sanders v. Setty*, 2017 U.S. Dist. LEXIS 155558 (N.D.N.Y. 2017)(where plaintiff brought a personal injury action in the Northern District of New York on the basis of her residence there, concerning an accident that occurred in another state, involving defendants with no connection to New York, venue was improper); *Madison v. Alves*, 746 F. Supp. 2d 450, 453 (W.D.N.Y. 2010)("a plaintiff's residence is irrelevant in determining venue under [§1391(b)]"). Having determined that venue was not properly laid in this district, the Court turns to the question of whether a transfer of venue pursuant to §1406(a) would be proper, in the interests of justice.

The Court finds that it would not. The Second Circuit has expressly disapproved the "avoid[ance of] a statute of limitations through a [§1406] transfer of venue" as an unearned reward for plaintiffs who failed to conduct due diligence, holding that a "plaintiff's failure to shop diligently before the action's inception is no reason to allow [them] to 'bargain hunt'" by way of a §1406(a) venue transfer. *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 395 (2d Cir. 1992)(citing *Ferens*, 494 U.S. 516 at 527). *See also Zito v. United Airlines, Inc.*, 523 F. Supp. 3d 377, 389 (W.D.N.Y. 2021)(denying §1406 venue transfer request, even though it could prevent plaintiff from timely refiling, because "[a]s the party commencing this litigation, Plaintiff had his

5

choice of forum. Although Plaintiff was aware that the events giving rise to his claim occurred [in other states], he 'chose to file the Complaint in [New York] without providing any colorable basis for venue here'")(quoting *Wohlbach v. Ziady*, 2018 U.S. Dist. LEXIS 126190 at *11 (W.D.N.Y. 2018)(holding that a §1406 transfer of venue would not be in the interests of justice, when plaintiff stated no colorable basis in the complaint for having brought an action in an improper venue in the first place, and thus failed to act diligently)).

As the Second Circuit has observed, §1406 was enacted "to avoid the injustice which has often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Spar, Inc.*, 945 F. 2d 392, 394 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). However, "a statute of limitations is far from an elusive fact unknown to a reasonable plaintiff – our system virtually mandates that a responsible plaintiff be aware of applicable limitations periods." *Spar, Inc.*, 945 F. 2d 392 at 394-395.

Although plaintiff is proceeding *pro se*, the applicable venue provisions, and statutes of limitations for personal injury actions in New York and Florida, are widely published in terms that a layperson could readily understand. Plaintiff appears to have been aware of the salient facts of the case, and the identity of the defendants, soon after his injury, and has provided no explanation for his decision to wait four years to assert his claims, or for his selection of an improper venue. The Court cannot, under these facts, conclude that plaintiff acted with diligence, and "should be spared the consequences of [his] failure to pursue [his] claim and to research whether [his] cause of action was time barred in New York." *Id*. at 395. The Court accordingly finds that a §1406 transfer of venue would not be in the interests of justice.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint as untimely (Dkt. #9) is granted, plaintiff's cross motion for a transfer of venue (Dkt. #14) is denied, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 27, 2022.